IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARCELIS JACKSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-86-RP |
| ELON MUSK, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Mark Lane concerning Plaintiff Marcelis Jackson's ("Plaintiff") Complaint pursuant to 28 U.S.C. § 1915(e), (Dkt. 1). (R. & R., Dkt. 4). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his report and recommendation on February 3, 2025. (*Id.*). A copy of the report and recommendation was sent by certified mail the same day. (Dkt. 5). Based on review of the docket, it also appears that the Clerk's Office provided Plaintiff with a copy of the report and recommendation the following day when he visited the courthouse. As of the date of this order, Plaintiff has not filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Plaintiff has not filed timely

1

objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order. The Court will dismiss Plaintiff's complaint with prejudice, as recommended by Judge Lane.

Although Plaintiff did not file objections to the report and recommendation, he did file a motion for leave to amend his complaint. (Dkt. 7). The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873.

Plaintiff's proposed amended complaint is similar to his original complaint. (*Compare* Dkt. 1 *with* Dkt. 7-1). Plaintiff purports to sue Elon Musk on behalf of the American people for alleged violations of the "rule of law" and associations with other politicians and public figures. (*See generally* Dkt. 7-1). Judge Lane found that Plaintiff's original complaint was frivolous because it failed to state a claim on which relief may be granted. (R. & R., Dkt. 4, at 3). This Court finds that the proposed amended complaint is frivolous for the same reason. As such, the Court denies Plaintiff leave to file his proposed amended complaint.

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 4), is **ADOPTED**. Plaintiff's Complaint, (Dkt. 1), is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint, (Dkt. 7), is **DENIED**.

**IT IS FINALLY ORDERED** that the Clerk's Office mail a copy of this Order to Plaintiff via certified mail.

The Court will enter final judgment by separate order.

**SIGNED** on March 3, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE